IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAINT AUGUSTINE'S UNIVERSITY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:25-CV-04615 - JPB |
| THE SOUTHERN ASSOCIATION OF COLLEGES AND SCHOOLS COMMISSION ON COLLEGES, INC., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant the Southern Association of Colleges and Schools Commission on Colleges, Inc. ( the Commission or SACSCOC), pursuant to Federal Rule of Civil Procedure 12, respectfully submits its Answer and Affirmative Defenses to the Complaint for injunctive, monetary, and declaratory relief (Complaint) submitted by Saint Augustine's University (the University or SAU).

Without assuming the burden of proof where it otherwise rests with the University, SACSCOC pleads the following defenses:

## FIRST DEFENSE

The University fails to state a claim upon which relief may be granted regarding the law applicable to accrediting agencies.

## SECOND DEFENSE

The University failed to present new and verifiable financial information material to the adverse decision of the SACSCOC Board of Trustees.

## THIRD DEFENSE

The University is bound by the mandatory arbitration decision of the Arbitration Panel dated July 14, 2025, affirming the February 27, 2025, Appeals Committee decision and the December 8, 2024, SACSCOC Board of Trustees decision removing the University from membership.

## FOURTH DEFENSE

SACSCOC responds to the allegations in the individually numbered paragraphs of the University's Complaint as follows:

INTRODUCTION[1]

1. SACSCOC denies that this lawsuit is filed to ensure the survival of the University. SACSCOC is without knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1.

2. SACSCOC denies the allegations in Paragraph 2.

3. SACSCOC denies the allegations in Paragraph 3.

4. SACSCOC admits the allegations in Paragraph 4.

---

[1] Except as expressly admitted herein, SACSCOC denies the allegations in the headings that appear in the Complaint.

5. SACSCOC denies the allegation that the University provided new and verifiable material evidence addressing the January 14, 2025 decision. SACSCOC admits the remaining allegations in Paragraph 5.

6. SACSCOC denies the allegations in the first sentence of Paragraph 6. SACSCOC admits the remaining allegations in Paragraph 6.

7. SACSCOC admits the allegations in Paragraph 7.

8. SACSCOC denies the allegation that it did not identify any legal impropriety. SACSCOC admits the remaining allegations in Paragraph 8.

9. SACSCOC denies the allegations in Paragraph 9.

10. SACSCOC denies the allegations in Paragraph 10.

11. SACSCOC denies the allegations in Paragraph 11.

12. SACSCOC admits the allegations in Paragraph 12.

13. SACSCOC admits the allegations in Paragraph 13.

14. SACSCOC denies the allegation that this action arises under the Constitution of the United States, including but not limited to the Due Process Clause of the Fifth Amendment to the United States Constitution. SACSCOC admits the remaining allegations in Paragraph 14.

15. SACSCOC admits the allegations in Paragraph 15.

16. SACSCOC admits the allegations in Paragraph 16.

## GENERAL ALLEGATIONS

A.  History of Saint Augustine's University

    17.  SACSCOC admits the allegations in Paragraph 17.

    18.  SACSCOC is without knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 18.

    19.  SACSCOC is without knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 19.

    20.  SACSCOC is without knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20.

B.  Accreditation History

    21.  SACSCOC admits the allegations in Paragraph 21.

    22.  SACSCOC admits the allegations in Paragraph 22.

    23.  SACSCOC admits the allegations in Paragraph 23.

    24.  SACSCOC denies the allegation in Paragraph 24 that the University has been "fully accredited" to the extent that such allegation implies that SACSCOC grants partial accreditation. SACSCOC admits the remaining allegations in Paragraph 24.

    25.  SACSCOC admits the allegations in Paragraph 25.

    26.  SACSCOC admits the allegations in Paragraph 26.

C.     SACSCOC Action Letter and SAU's Monitoring Report I

    27.     SACSCOC admits the allegations in Paragraph 27.

    28.     SACSCOC admits the allegations in Paragraph 28.

    29.     SACSCOC admits the allegations in Paragraph 29.

    30.     SACSCOC admits the allegations in Paragraph 30.

    31.     SACSCOC denies the allegations in Paragraph 31.

    32.     SACSCOC denies the allegations in Paragraph 32.

    33.     SACSCOC admits the allegations in Paragraph 33.

    34.     SACSCOC denies the allegations in Paragraph 34.

    35.     SACSCOC denies the allegations in Paragraph 35.

    36.     SACSCOC denies the allegations in Paragraph 36.

E.     SACSCOC's Third Action Letter and SAU's Monitoring Report III

    37.     SACSCOC admits the allegations in Paragraph 37.

    38.     SACSCOC denies the allegations in Paragraph 38.

F.     SAU's Probation for Good Cause

    39.     SACSCOC denies the allegation that the University's financial and general wellbeing improved in 2023. SACSCOC admits the remaining allegations in Paragraph 39.

    40.     SACSCOC admits the allegations in Paragraph 40.

    41.     SACSCOC admits the allegations in Paragraph 41.

42. SACSCOC admits the allegation that the University submitted its Fourth Monitoring Report on September 12, 2023. SACSCOC denies the remaining allegations in Paragraph 42.

43. SACSCOC admits the allegations in Paragraph 43.

44. SACSCOC admits the allegation that the University submitted its Response to the Final Report of the Special Committee on November 13, 2023. SACSCOC denies the remaining allegations in Paragraph 44.

45. SACSCOC admits the allegation that University representatives met with SACSCOC C&R Committee on December 1, 2023. SACSCOC denies the remaining allegations in Paragraph 45.

46. SACSCOC admits the allegations in Paragraph 46.

47. SACSCOC admits the allegations in Paragraph 47.

G.  SAU's First Appeal of SACSCOC's Decision

48. SACSCOC admits the allegations in Paragraph 48.

49. SACSCOC admits the allegations in Paragraph 49.

50. SACSCOC admits the allegations in Paragraph 50.

51. SACSCOC admits the allegations in Paragraph 51.

52. SACSCOC admits the allegations in Paragraph 52.

53. SACSCOC admits the allegations in Paragraph 53.

54. SACSCOC denies the allegations in the last sentence of Paragraph 54. SACSCOC admits the remaining allegations in Paragraph 54.

55. SACSCOC admits that it notified the University that the Appeals Committee affirmed the decision of the Board of Trustees to remove the University from membership on February 27, 2024. SACSCOC denies the remaining allegations in Paragraph 55.

H. SAU's First Arbitration of SACSCOC's Decision

56. SACSCOC admits the allegations in Paragraph 56.

57. SACSCOC admits the allegations in Paragraph 57.

I. SACSCOC's Removal of SAU from Membership

58. SACSCOC admits the allegations in Paragraph 58.

59. SACSCOC admits that SAU submitted its Fifth Monitoring Report to SACSCOC. SACSCOC denies the remaining allegations in Paragraph 59.

60. SACSCOC admits the allegations in Paragraph 60.

61. SACSCOC admits that SAU issued its Response to the Final Report of the Special Committee on November 18, 2024. SACSCOC denies the remaining allegations in Paragraph 61.

62. SACSCOC admits that SAU representatives met with the SACSCOC C&R Committee Group C on December 7, 2024. SACSCOC denies the remaining allegations in Paragraph 62.

63. SACSCOC admits the allegations in Paragraph 63.

J. SAU's Second Appeal of SACSCOC's Decision

64. SACSCOC admits that SAU served its notice of appeal of the SACSCOC Board's decision to remove SAU from membership as an accredited institution on February 13, 2025. SACSCOC denies the remaining allegations in Paragraph 64.

65. SACSCOC denies the allegations in Paragraph 65.

66. SACSCOC denies the allegations in Paragraph 66.

67. SACSCOC admits that the SACSCOC Appeals Committee heard SAU's appeal of the Board decision on February 27, 2025. SACSCOC admits that SAU argued that it had new and verifiable financial information it presented to the Appeals Committee that demonstrated the school's compliance with the relevant core requirements and standards. SACSCOC denies the remaining allegations in Paragraph 67.

68. SACSCOC admits that it notified SAU that the Appeals Committee affirmed the decision of the Board of Trustees to remove SAU from membership in SACSCOC on March 5, 2025. SACSCOC denies the remaining allegations in Paragraph 68.

K. SAU's Second Arbitration of SACSCOC's

69. SACSCOC admits the allegations in Paragraph 69.

70. SACSCOC admits the allegations in Paragraph 70.

71. SACSCOC denies the allegations in Paragraph 71.

72. SACSCOC admits the allegations in Paragraph 72.

## COUNT I

73. SACSCOC incorporates its responses to Paragraphs 1-72 in response to the allegations in Paragraph 73.

74. The allegations in Paragraph 74 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 are legal conclusions that require no response, but to the extent that a response is permitted or required, SACSCOC denies the allegations in Paragraph 82.

83. SACSCOC denies the allegations in Paragraph 83.

84. SACSCOC denies the allegations in Paragraph 84.

85. SACSCOC denies the allegations in Paragraph 85.

86. SACSCOC denies the allegations in Paragraph 86.

87. SACSCOC denies the allegations in Paragraph 87.

Count II

88. SACSCOC incorporates its responses to Paragraphs 1-72 in response to the allegations in Paragraph 88.

89. SACSCOC denies the allegations in Paragraph 89.

90. SACSCOC admits that its Arbitration Policy requires all arbitrators be selected from a roster of arbitrators chosen and maintained by SACSCOC. SACSCOC denies the remaining allegations in Paragraph 90.

91. SACSCOC denies the allegations in Paragraph 91.

92. SACSCOC denies the allegations in Paragraph 92.

93. SACSCOC denies the allegations in Paragraph 93.

PRAYER FOR RELIEF

To the extent that a response is required to the University's Prayer for Relief, SACSCOC denies that the University is entitled to any relief. SACSCOC further denies that the University is entitled to a jury trial in this action.

Respectfully submitted this 8th day of September, 2025.

/s/ Patrick W. McKee
PATRICK W. McKEE
GA Bar No. 494325
McKee Law
19 Spring St.
Newnan, GA 30263
770-683-8900 (telephone)
770-683-8905 (facsimile)
pwmckee@mckeelaw.com
*ATTORNEY FOR SACSCOC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Derin B. Dickerson
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309

This 8th day of September, 2025.

/s/ Patrick W. McKee
Patrick W. McKee
Georgia Bar No. 494325